**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JUNE 1997 SESSION**

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **JERRY W. HARDIN,** | ) |
| | ) C.C.A. No. 02C01-9609-CC-00303 |
| Appellant, | ) |
| | ) Henry County |
| V. | ) |
| | ) Honorable Julian P. Guinn, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) (Post-Conviction) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Jerry W. Hardin, pro se
Reg. No. 13674-076
F.C.I. Memphis
P.O. Box 34550
Memphis, TN 38184-0550

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Robert "Gus" Radford
District Attorney General
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**OPINION**

The appellant, Jerry W. Hardin, appeals pro se from a judgment entered by the Henry County Circuit Court. On appeal, he contends that the trial court erred in dismissing his two pro se petitions for post-conviction relief. Appellant alleges that he was not fully advised of his rights when he pled guilty in May 1977 to forgery and that he was denied effective assistance of counsel because his attorney failed to file an appeal of the appellant's July 1977 robbery conviction. Appellant filed his petitions for post-conviction relief in these two cases on March 21, 1996. On April 16, 1996, the trial court dismissed the two petitions.

The appellant argues that the current Post-Conviction Procedure Act, which became effective in 1995, provides him with one year from the effective date of the new act in which to file his petition for relief. The appellant cites Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App. at Knoxville, July 11, 1996) in support of his argument. The state maintains, however, that the appellant's right to file post-conviction relief from his 1977 convictions expired in July 1989 under the previous Post-Conviction Act.

We believe that the legislative intent of the new Post-Conviction Procedure Act was to decrease the burden of post-conviction petitions as noted in the dissent in Carter. Therefore, we respectfully disagree with the decision in Carter. The legislature did not intend to award every prisoner a one-year period in which to file a post-conviction petition regardless of the amount of time that had passed since his or her conviction. In this case, the appellant's petitions for post-conviction relief are time barred.

Therefore, this Court affirms the judgment of the trial court in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge